# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ANDRE MURRELL,** | ) | |
| **Plaintiff,** | ) | |
| vs. | } | **Civil Action No. CV-09-S-2156-NE** |
| **KOHLER CO., INC.,** | ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| **ANDRE MURRELL,** | ) | |
| **Plaintiff,** | ) | |
| vs. | } | **Civil Action No. CV-10-S-2056-NE** |
| **KOHLER CO., INC.,** | ) | |
| **Defendant.** | ) | |

## ORDER

This court entered an order and accompanying memorandum opinion in the first case listed in the caption of this Order, *i.e.*, Civil Action No. CV-09-S-2156-NE, on February 11, 2011, and entering summary judgment in favor of defendant on all claims, *except* for plaintiff's claim that he had been subjected to a sexually-hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.[1]  Among the counts of plaintiff's complaint thus

---

[1] *See* doc. nos. 32 (order) and 31 (memorandum opinion) in Civil Action No. CV-09-S-2156-NE.

dismissed were interference and retaliation claims based upon alleged violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"). In the course of reaching the conclusion that plaintiff's FMLA claims should be dismissed, this court stated, among other considerations discussed, that "Kohler management had no knowledge of plaintiff's FMLA request."[2] However, discovery later conducted in the second case listed in the caption above, *i.e.*, Civil Action No. CV-10-S-2056-NE, indicates that this court may have erred in concluding that "Kohler management had no knowledge of plaintiff's FMLA request."

Accordingly, this court hereby informs the parties of its intent to reconsider, *sua sponte*, those portions of the order and memorandum opinion entered on February 11, 2011 in Civil Action No. CV-09-S-2156-NE that entered summary judgment in favor of defendant on plaintiff's FMLA interference and retaliation claims.

Counsel are ORDERED to appear at 1:30 o'clock p.m. on Monday, June 11, 2012, in the United States Courthouse located at 101 Holmes Avenue in Huntsville, Alabama, for the purpose of providing oral arguments on the question of whether this court erred when granting summary judgment in favor of defendant on plaintiff's FMLA interference and retaliation claims in Civil Action No. CV-09-S-2156-NE.

Further, counsel must also be prepared to provide oral arguments on the issues

---

[2] Doc. no. 31 (Memorandum Opinion), Civil Action No. CV-09-S-2156-NE, at 15. Marginal note number 64, appended to the end of that textual sentence quoted above, cited the testimony of Rebecca ("Becky") McCutcheon (Human Resources manager in defendant's Huntsville plant) as transcribed on pages 60-65 of her deposition as support for that factual conclusion.

raised by defendant's motions for summary judgment and motion to strike the affidavit of Casi Sims and portions of the affidavit of Dexter Sims, both of which were submitted by plaintiff in opposition to the motion for summary judgment filed by defendant in Civil Action No. CV-10-S-2056-NE.[3]

**DONE** and **ORDERED** this 21st day of May, 2012.

_____
United States District Judge

---

[3] *See* doc. nos. 27 (motion for summary judgment) and 37 (motion to strike) in Civil Action No. CV-10-S-2056-NE.